IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KRISHNA RAJ PARTHASARATHY MEYYUR,** | * | |
| | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:24-cv-01680-JMC |
| | * | |
| **THE HARTFORD FINANCIAL SERVICES GROUP (HIG),** | * | |
| *Defendant*. | * | |
| | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Self-represented Plaintiff, Krishna Raj Parthasarathy Meyyur, filed this employment discrimination action against Defendant, the Hartford Financial Services Group (HIG), on June 10, 2024, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, and the Americans with Disabilities Act Amendments Act of 2008. (ECF No. 1). Currently before the Court is Defendant's Opposed Motion for Entrance of Discovery Confidentiality Order, filed on October 30, 2024. (ECF No. 32). The Motion is fully briefed, (ECF Nos. 36, 42), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion will be GRANTED.

I.     DISCUSSION

Defendant moves for entry of a discovery confidentiality order pursuant to Federal Rule of Civil Procedure 26(c) and Maryland Local Rule 104.13, arguing that good cause exists for entry of a confidentiality order because "it has a legitimate business interest in protecting its confidential and trade secret information, including, but not limited to, information about The Hartford's

1

information technology systems, business products, and information about current and/or former customers, employees, and/or vendors." (ECF No. 32-1 at 2).[1] Defendant further contends that it "has expended significant monies and resources to develop its confidential and trade secret information, which is not part of the public domain and has economic value, actual or potential, that could cause financial and/or business harm if disclosed or used by a competitor." *Id.* Additionally, "Defendant has taken actions to protect its confidential and trade secret information, including using New Hire/Employee Agreements, which require employees, in consideration for their employment, to agree to keep The Harford's confidential and trade secret information in the strictest confidence[.]" *Id.* at 3.

Defendant attaches email correspondence between the parties indicating that Defendant sought Plaintiff's consent to enter into a stipulated discovery confidentiality order prior to filing its Motion. (ECF No. 32-2). Plaintiff replied, stating that he would prefer to wait to address the issue until the parties' settlement conference on February 13, 2025, and permitting Defendant to include reference to his position in its Motion. *Id.* at 16. Plaintiff additionally filed a formal Opposition. (ECF No. 37). Based on the Court's review of Plaintiff's Opposition, it appears that Plaintiff misunderstands the purpose of the proposed discovery confidentiality order. Plaintiff's Opposition focuses largely on the merits of his case, and his need for documents from Defendant in order to prove his factual contentions. *See, e.g.*, *id.* at 4 ("Discovery needed from Information Systems of Rally and Teams to disprove the following Answer on Page 11 top paragraph."). However, Defendant does not seek an order precluding the discovery of confidential information

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

2

and documents—it merely requests an order governing the use and disclosure of confidential documents once they are produced. (ECF No. 42 at 1-2).

"When parties cannot agree on whether a confidentiality order is necessary, the court invokes its 'broad discretion in resolution of discovery problems that arise in cases pending before [it].'" *Duncan v. Costco Wholesale Corp.*, No. 4:20-cv-03605-SAL, 2021 WL 5827272, at *2 (D.S.C. Apr. 12, 2021) (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (citation omitted)). Here, the Court finds that Defendant has shown good cause for the entry of a discovery confidentiality order. Plaintiff was formerly employed in Defendant's IT division and alleges employment discrimination on the basis of age, race, national origin, and disability. (ECF No. 1). While the Court has not reviewed Plaintiff's discovery requests, his Complaint contains numerous factual contentions regarding Defendant's IT systems, business products, and current and former employees.[2] Given the scope of Plaintiff's claims, it is likely that Defendant's sensitive business, personal, and financial information will be discoverable. *See Fangman v. Genuine Title, LLC*, No. RDB-14-0081, 2015 WL 8915564, at * (D. Md. Dec. 15, 2015) (entering discovery confidentiality order where the plaintiff's discovery requests would likely include sensitive personal and financial information). Moreover, Defendant's Opposition is primarily concerned with the production of the information he seeks to discover, and does not expressly address an order governing the use and disclosure of the information once it is produced. (ECF No. 36). A confidentiality order will protect Defendant's legitimate interests in limiting the

---

[2] By way of example, Plaintiff's allegations include that Defendant "allowed an Indian National…whose L1 visa extension [was] denied by [the] US government" to obtain a Canadian visa and replace Plaintiff, that Plaintiff was improperly denied access to one of Defendant's databases, and that his "role as Lead was eroded and many of [his] lead activities were assigned to others." (ECF No. 1 at 7).

use of its confidential business and trade secret information to this litigation, and will not infringe upon Plaintiff's ability to discover evidence relevant to his claims.

Local Rule 104.13 governs proposed confidentiality orders and provides that:

> Any proposed confidentiality order shall include (a) a definition of confidentiality consistent with Fed. R. Civ. P. 26(c); (b) a method for challenging particular designations of confidentiality with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c); (c) a provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompanying order pursuant to L.R. 105.11; and (d) a provision permitting the Clerk to return to counsel or destroy any sealed material at the end of the litigation.

Loc. R. 104.13 (D. Md. 2023). The undersigned has reviewed the proposed confidentiality order submitted by Defendant and finds that it complies with the requirements of Local Rule 104.13. Accordingly, the Court will separately enter Defendant's proposed confidentiality order.

## II.   CONCLUSION

For the reasons stated, Defendant's Opposed Motion for Entrance of Discovery Confidentiality Order is hereby GRANTED.

Date: December 10, 2024

/s/
J. Mark Coulson
United States Magistrate Judge